[Civ. No. 2009.   Third Appellate District.—October 10. 1919.]

MERCANTILE TRUST COMPANY OF SAN FRANCISCO (a Corporation), Respondent, v. STOCKTON TERMINAL AND EASTERN RAILROAD COMPANY (a Corporation), Appellant.

[1] DEFAULTS—MOTION TO SET ASIDE—DISCRETION OF TRIAL COURT—ACTION AGAINST CORPORATION—SERVICE OF SUMMONS ON SECRETARY —EXTENSION OF TIME TO PLEAD.—The granting of motions to set aside defaults is largely in the discretion of the trial court, and its action will not be disturbed unless there has been an abuse of such discretion; and in this action to foreclose a mortgage it

would have been an abuse of discretion to have granted the motion of the defendant corporation to set aside a default entered by the clerk of the court against it after its time to appear in the action had fully expired, no order having been made extending its time to plead, notwithstanding an order was made giving the secretary of the corporation personally, he being the individual upon whom service of summons on the corporation was made, an extension of time to plead.

APPEAL from a judgment of the Superior Court of San Joaquin County. J. A. Plummer, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. H. Carpenter for Appellant.

Morrison, Dunne & Brobeck and J. F. Shuman for Respondent.

ELLISON, P. J., *pro tem.*—This suit was brought by plaintiff against the Stockton Terminal and Eastern Railroad Company to foreclose a mortgage made by it to plaintiff to secure an issue of bonds of the defendant company. When the suit was brought one C. M. Prater was secretary of the defendant corporation. His name did not appear in the complaint as a party to the suit. In the action summons was delivered to the sheriff of San Joaquin County for service and his return thereon was to the effect that he served the same upon the defendant corporation on the eleventh day of June, 1917, by delivering to and leaving with C. M. Prater, as secretary of said Stockton Terminal and Eastern Railroad Company in San Joaquin County, a copy of said summons attached to a copy of the complaint therein.

On the twentieth day of June, 1917, said court made the following order: "For good cause shown, it is hereby ordered that C. M. Prater, served as one of the defendants in the above-entitled action, have until the first day of July, 1917, to appear and demur or file such other answer as he may desire."

On the twenty-sixth day of June, 1917, no answer or demurrer having been filed by the defendant company, the county clerk of said county, on application of the plaintiff, duly entered the default of said defendant. On the thirtieth day of June, 1917, said defendant company (after its default

had been entered) served and filed with the clerk of said court a general demurrer to the complaint in said action.

On the twentieth day of December, 1917, the defendant company gave notice of a motion to set aside its default on the ground (as stated in the notice) that it was entered "when defendant's time for appearing, demurring or answering as allowed by the Judge of said court had not expired," and upon the ground that it was wrongfully and unlawfully entered by the plaintiff for the purpose of depriving the said defendant of its day in court.

The affidavit upon which said motion was heard, made by C. M. Prater, secretary of the corporation defendant, stated that on June 11th he was served with summons in the action; "that he was not informed by the serving officer and he did not know whether such service was upon him individually or as an officer of said Railroad Company"; that thereupon he obtained an order from the judge of said court "whereby affiant was granted until some time in July, 1917, to appear in said action; that after the said order was made and while it was in full force and effect, the plaintiff wrongfully and unlawfully caused default to be entered against the defendant corporation whereby said defendant and the affiant were unlawfully deprived of their day in court and prevented from making its or his appearance in said case and in direct violation of the order of the court."

When said motion to set aside said default came on for hearing it was denied by the court and thereafter judgment of foreclosure was given and made. The defendant appeals from the judgment and the only point made is that, under the indicated circumstances, the clerk had no authority to enter the default and that the court erred in denying his motion to set it aside.

The foregoing chronological statement shows, first, that when the clerk entered the default of the defendant corporation its time to appear in the action had fully expired and it was his duty upon application of the plaintiff to make the entry he did; second, that no order had ever been made, either by the court or judge, extending the defendant corporation's time to plead; the order giving further time to plead, made on June 20, 1917, was an order that C. M. Prater, served as one of the defendants, have until July 1st to plead. This was not an order extending the time of the corporation to

plead, and it does not appear that said corporation ever asked for any extension of time; third, after the defendant's default had been regularly entered it had no right to file a demurrer or any other pleading until the default had been set aside. There are some cases holding that where defendant files a demurrer after his time to plead has expired but before his default has been entered, the court should dispose of it in some way before entering judgment, but this is not such a case; fourth, the defendant's motion to set aside the default was properly denied.   [1]   It is difficult to know on exactly what ground it was made.   The affidavit in support of it does not allege mistake, surprise, or excusable neglect.   The gist of it seems to be contained in the following: "That after said order was so made granting further time to affiant to so appear and while said order was in full force and effect; the plaintiff herein wrongfully and unlawfully caused a clerk's default to be entered against the defendant Stockton Terminal and Eastern Railroad Company whereby said defendant and affiant, as such officer, and the person upon whom said summons has been served were unlawfully deprived of their day in court, etc." A sufficient answer to all this is found in the fact that no order was ever made extending the time for defendant corporation to plead, and as to affiant, personally, it does not appear that his default was ever entered or that he ever filed any pleading, and, lastly, the granting of motions to set aside defaults is largely in the discretion of the trial court, and its action will not be disturbed unless there has been an abuse of such discretion.   On the showing made in this case it would have been an abuse of discretion to have granted the motion.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 7, 1919.

All the Justices concurred, except Melvin, J., who was absent.